B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** John O. Desmond, Chapter 7 Trustee of the Estate of Olga Bassa | **DEFENDANTS** Jason Kahan<br>23 Sagamore Lane<br>Boxford, Massachusetts 01921 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Christine E. Devine, Esq.<br>Nicholson Devine LLC<br>P.O. Box 7, Medway, MA 02053 | **ATTORNEYS** (If Known)<br>Matthew T. Desrochers, Esq.<br>274 Main St., Suite 208<br>Reading, MA 01867 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☒ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint by Trustee against co-owner of real property to sell co-owner's interests pursuant to 11 U.S.C. Section 363(h).

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☒ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law    ☐ Check if this is asserted to be a class action under FRCP 23

☐ Check if a jury trial is demanded in complaint    Demand $

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Olga Bassa | BANKRUPTCY CASE NO.<br>24-10404 (JEB) | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Eastern | | NAME OF JUDGE<br>Janet E. Bostwick |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>5-14-2024 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christine E. Devine, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>**OLGA BASSA,**<br><br>Debtor. | **Chapter 7**<br><br>**Case No. 24-10404-JEB** |
| **JOHN O. DESMOND, CHAPTER 7 TRUSTEE OF OLGA BASSA,**<br>Plaintiff<br>v.<br>**JASON KAHAN,**<br>Defendant. | **Adversary Proceeding**<br><br>**Case No. _____** |

## COMPLAINT

### INTRODUCTORY STATEMENT

John O. Desmond, Chapter 7 Trustee (the "Trustee") of the estate of Olga Bassa (the "Debtor"), brings this action pursuant to 11 U.S.C. § 363(h) and Fed. R. Bankr. P. 7001 against the Debtor's spouse and the defendant herein, Jason Kahan ("Defendant" or "Spouse"), seeking authority to sell both the interest of the bankruptcy estate and the interest of the Defendant in the real property located at 23 Sagamore Lane, Boxford, Massachusetts (the "Property"), which Property the Debtor and the Defendant own as tenants by the entirety.

### PARTIES

1. The Plaintiff is John O. Desmond in his capacity as chapter 7 trustee for the Debtor's bankruptcy estate (the "Estate"). The Trustee has a usual place of business located in

Framingham, Massachusetts. The Trustee is authorized to bring this action on behalf of the Estate pursuant to 11 U.S.C. § 363, 702(d), and 704(a)(1).

2. The Debtor is an individual believed to be residing at 23 Sagamore Lane, Boxford, Massachusetts. The Debtor is the co-owner of the Property.

3. The Defendant, Jason Kahan, is an individual believed to be residing at 23 Sagamore Lane, Boxford, Massachusetts.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action, which arises under the Bankruptcy Code, pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and/or (O).

5. This Court is an appropriate venue pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

6. On March 13, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

7. On May 2, 2024, the Court entered an order converting this case to a case under Chapter 7 of the Bankruptcy Code.

8. On May 3, 2024, the United States Trustee appointed John O. Desmond as Chapter 7 trustee and he remains as Trustee of the Debtor's Case.

9. Prior to the Debtor's bankruptcy filing, on November 7, 2023, the Defendant filed a Chapter 13 bankruptcy case.

10. On March 1, 2024, this Court entered an order dismissing the Defendant's bankruptcy case and prohibiting the Defendant from filing a subsequent case under Chapter 11 or Chapter 13 case for a period of one year.

**Property / Property Value / Homestead**

11. As of the Debtor's Petition Date, the Debtor and the Defendant co-owned the Property as tenants by the entirety by virtue of a deed recorded on February 13, 2019 in the Essex South District Registry of Deeds (the "Registry"), at Book 37327, Page 409.

12. Upon information and belief and based on a broker's opinion of value that the Trustee has obtained, the Property will garner approximately $1,950,000 as a sale price in a consensual sale.

13. The Debtor and the Defendant recorded a Declaration of Homestead regarding the Property pursuant to M.G.L. c. 188, § 3 which Declaration is recorded with the Registry at Book 37327, Page 430.

14. Notwithstanding the recorded Declaration of Homestead, the Debtor elected the federal exemptions on her Schedule C and claimed no exemption regarding the Property.

**First Mortgage**

15. The Property is subject to a first priority mortgage in favor of Enterprise Bank and Trust Company ("Enterprise Bank") which is recorded at the Registry in Book 37327, Page 411 (the "First Mortgage").

16. Based on a motion for relief filed by Enterprise Bank in this case [Dkt. No. 13], Enterprise Bank asserts that, as of March 15, 2024, the Debtor and the Defendant owed Enterprise Bank $1,192,902.76 which amount is secured by its First Mortgage.

**Second Mortgage**

17. The Property is subject to a second priority mortgage in favor of First Boston Associates, LLC ("First Boston") which is recorded at the Registry in Book 39180, Page 029 (the "Second Mortgage").

18. Based on a motion to dismiss filed by First Boston in this case [Dkt. No. 14], First Boston asserts that, as of March 2024, the Debtor and the Defendant owed First Boston $266,953.42 on account of the loan secured by the Second Mortgage.

**Federal Tax Lien**

19. The Property is subject to a federal tax lien for taxes owed to the Department of the Treasury of the United States ("Federal Tax Lien") which tax lien was recorded on December 3, 2020 at the Registry in Book 39252, Page 188 (the "Federal Tax Lien").

20. Based on an inquiry made by the Trustee to the Bankruptcy Unit of the Internal Revenue Service (the "IRS"), the IRS asserts that the current balance owed by the Debtor and the Defendant on the Federal Tax Lien is $244,974.51 which consists of $113,78.24 in unpaid tax, $67,302.87 in interest, and $63,693.40 in penalty.

21. The Bankruptcy Code provides that the Trustee may avoid the penalty portion of the Federal Tax Lien and preserve the value of the avoided lien for the benefit of the Estate. 11 U.S.C. §§ 724(a), 726(a)(4), and 551.

**State Tax Lien**

22. The Property is subject to a state tax lien for taxes owed to the Commonwealth of Massachusetts ("State Tax Lien") which was recorded on November 4, 2022 at the Registry in Book 41287, Page 42 (the "State Tax Lien").

23. Based on the proof of claim filed by the Department of Revenue of the Commonwealth of Massachusetts (the "MDOR"), the MDOR asserts that the current balance owed on the State Tax Lien is $21,433.04 which consists of $11,073.95 in unpaid tax, $8,060.75 in interest, and $2,298.34 in penalty.

24. The Bankruptcy Code provides that the Trustee may avoid the penalty portion of the State Tax Lien and preserve the value of the avoided lien for the benefit of the Estate. 11 U.S.C. §§ 724(a), 726(a)(4), and 551.

**Other Liens**

25. The Trustee has reviewed the pleadings filed in this Case and the certain documents recorded at the Registry and determined that the following have recorded attachments against **only** the Defendant's interest in the Property:

  a. QL Boston, LLC, attachment recorded against the interest of the Defendant in the amount of $142,202.00, at Book 41398, Page 322;

  b. A&M Management Group LLC, attachment recorded against the interest of the Defendant in the amount of $400,000.00, at Book 41790, Page 279; and

  c. Northeast Building Supply Co., attachment recorded against the interest of the Defendant in the amount of $60,273.83, at Book 41001, Page 315.

**The Relevance of 11 U.S.C. §§ 724, 726, and 551**

26. The Bankruptcy Code provides that the Trustee "may avoid a lien that secures a claim of a kind specified in section 726(a)(4)". 11 U.S.C. § 724(a).

27. Bankruptcy Code § 726(a)(4), in turn, describes claims which are "…for any fine, penalty, or forfeiture or for multiple, exemplary, or punitive damages…" and which are "…not

compensation for actual pecuniary loss suffered by the holder of such claim". See 11 U.S.C. § 726(a)(4).

28. Bankruptcy Code § 551 provides a transfer avoided by the Trustee under § 724(a), is "preserved for the benefit of the estate…". 11 U.S.C. § 551.

29. In addition, Bankruptcy Code § 724(b) provides that property (i) in which the estate has an interest and (ii) that is subject to a non-avoidable lien, (iii) that secured an allowed claim for a tax, shall be distributed pursuant to the provisions of Bankruptcy Code § 724(b)(1) through § 724(b)(6).

30. The value of the Property, the Trustee's rights under Bankruptcy Code §§ 724(a), 726(a)(4), 551, and 724(b), and the Trustee's on-going discussions with creditors regarding the potential for additional funds to be carved-out for the Estate, may result in a benefit to the Estate upon sale of the Property.

31. Upon information and belief, absent the sale of the Property in a consensual manner pursuant to Bankruptcy Code § 363(h) as contemplated herein, Enterprise Bank is likely to foreclose on its interest in the Property, there will be no value received by the Estate, and creditors will fare worse.

32. Upon information and belief, the Defendant has no beneficial interest in the Property at all because his interest in the Property is fully encumbered by the First Mortgage, the Second Mortgage, the Federal Tax Lien, the State Tax Lien, and the Other Liens, with no value available to the Defendant.

33. The Defendant has no ability to utilize the provisions of Bankruptcy Code §§ 724(a), 726(a)(4), 551, and 724(b) to accomplish a going concern sale, maximize value, and

provide a distribution to creditors. Those provisions of the Bankruptcy Code are available only to the Chapter 7 Trustee.

## COUNT I
### Sale of Co-owner's Interest in Property pursuant to 11 U.S.C. § 363(h)

34. The Trustee repeats and realleges the allegations contained in the above paragraphs as if separately set forth herein.

35. As of the Petition Date, the Debtor's undivided interest in the Property held as a tenant by the entirety with the Defendant, is property of the Estate.

36. The Property is a single family house and, as such, partition of the Property is impracticable.

37. The sale of the Estate's interest alone would generate significantly less value for the Estate than the sale of the entire Property.

38. The benefit to the Estate from the sale of the Property free of the interest of the Defendant outweighs any detriment to the Defendant.

39. First, there is no detriment to the Defendant because his interest in the Property is fully encumbered by consensual liens, tax liens, and attachments. There is simply no value available to the Defendant from the Property under any realistic scenario.

40. Further, the Defendant will actually benefit from the sale of the Property since the consensual sale of the whole Property will certainly garner a higher price at sale and will, therefore, satisfy a greater portion of claims that creditors have against the Defendant including at least a portion of tax obligations, some of which are likely non-dischargeable.

41. Finally, the benefit to the estate from the sale of the Property will clearly outweigh any detriment to the Defendant. The consensual sale of the Property will allow the

Trustee to proceed to avoid and preserve the penalty portion of tax liens and make a distribution to the Debtor's non-insider creditors.

42. The Property is not used in the production, transmission or distribution for sale of electric energy, or natural or synthetic gas for light, heat or power.

## PRAYER FOR RELIEF

WHEREFORE, the Trustee respectfully requests that this Court enter an Order granting the Trustee authority to:

a) Conduct a sale of the Property pursuant to 11 U.S.C. § 363(h);

b) Pay all expenses and costs of the sale of the Property from the proceeds of the sale, including, but not limited to, closing costs, brokers' fees and taxes pursuant to 11 U.S.C. § 363(j);

c) Grant clear title of record to a purchaser of the Property free and clear of the interest of the Defendant;

d) After the costs and expenses associated with the sale have been paid, distribute the proceeds of the sale pursuant to 11 U.S.C. § 363(j) and further orders of this Court upon determing allowed claim amounts and prioirities; and

e) Grant such further relief as this Court deems just.

Respectfully submitted,

**JOHN O. DESMOND,
CHAPTER 7 TRUSTEE**

By his counsel,

/s/ Christine E. Devine
Christine E. Devine, BBO #566990
Nicholson Devine LLC
P.O. Box 7
Medway, MA 02053
Phone: (508) 533-7240
Email: christine@nicholsondevine.com

Dated:  May 14, 2024